IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| GILBERT FRANK WALTER | : | |
| & | : | |
| LUANN WALTER, | : | |
| | : | DOCKET NO.: 5:18-bk-02825-JJT |
| <u>DEBTORS</u> | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA | : | OBJECTION TO PLAN |
| DEPARTMENT OF REVENUE, | : | |
| | : | |
| MOVANT | : | HEARING DATE & TIME: |
| | : | NOT YET SET |
| v. | : | |
| | : | |
| GILBERT FRANK WALTER | : | |
| & | : | |
| LUANN WALTER, | : | |
| | : | RELATED TO DOCKET NO.: <u>7</u> |
| RESPONDENTS | : | |

<u>PENNSYLVANIA DEPARTMENT OF REVENUE'S
OBJECTION TO DEBTORS' CHAPTER 13 PLAN</u>

NOW COMES, the Commonwealth of Pennsylvania, Department of Revenue ("Department"), by and through its Office of Chief Counsel, and Counsel Joseph J. Swartz, and objects to the confirmation of the above-captioned Debtors' Chapter 13 Plan ("Plan") dated July 6, 2018, Docketed at Number 7, as authorized by 11 U.S.C. § 1324(a), for the following reasons:

1. The Department objects to the confirmation of the Plan on the grounds that the Plan does not comply with the provisions of Chapter 13, and Title 11 in general, as required by 11 U.S.C. § 1325(a)(1), because it: (1) has not been proposed in good faith, as required by 11 U.S.C. § 1325(a)(3); (2) does not provide for the full payment of all Department claims entitled to priority under 11 U.S.C. § 507, as required by 11 U.S.C. § 1322(a)(2); and (3) does not provide for the full

payment of all Department claims entitled to secured status under 11 U.S.C. § 506, as required by 11 U.S.C. § 1325(a)(5).

2. Specifically, Debtors' Plan fails to provide for payment of the Department's Proof of Claim, as required by the Bankruptcy Code. *See* Exhibit A. The Department's Proof of Claim is broken down as follows: (1) a <u>Secured Claim</u> in the amount of $28,410.95 for Personal Income Tax (PIT) liabilities of Debtors for the 2006 through 2009 tax years, and Sales Tax (ST) liabilities for the 1Q08 through 2Q10 tax periods; (2) an <u>Unsecured Priority Claim</u> in the amount of $5,944.83 for PIT liabilities of Debtors for the 2014 through 2016 tax years and ST liabilities for various periods in 2017 and 2018; and (3) an <u>Unsecured Nonpriority Claim</u> in the amount of $1,288.63 for PIT liabilities of Debtors for the 2014 through 2016 tax years and ST liabilities for various periods in 2017 and 2018.

    a. Debtor, Gilbert Walker, as the responsible agent for Slate Belt Lock and Safe, Affordable Security, and Affordable Locksmith, is personally liable for the tax debts of the business entities for those taxes, such as Sales Tax and Employer Withholding, that are collected by the entities and held in trust for the Commonwealth. See 72 P.S. §§ 7225 & 7320.

3. The Department filed three (3) PIT liens against Debtors June 29, 2010, January 27, 2011, and October 18, 2011, as a result of their failure to pay, in full, their PIT liabilities for the 2006 through 2009 tax years, and four (4) ST liens against Debtor Gilbert F. Walter on March 24, 2011, June 20, 2011, August 16, 2011, and February 1, 2012. *See* Exhibit B. Accordingly, the Department has a secured claim that must be accounted for in Debtor's plan.[1]

    a. The Department's secured claim totals $28,410.95. It is unclear how the Debtors intend to provide for the full payment of the Department's secured claim as the Plan does not

---

[1] A lien that "is not addressed and treated in some fashion during the course of a bankruptcy case" will pass through the bankruptcy case unaffected, and will remain enforceable *in rem. Olick v. Northampton County (In re: Olick)*, 517 B.R. 549, 562 (Bankr. E.D. Pa. 2014).

2

specifically provide for its payment. Pursuant to the provisions of 11 U.S.C. § 522(c)(2)(B) prepetition tax liens can encumber and attach to otherwise exempt property.

Moreover, under 11 U.S.C. §§ 511 & 1325(a)(5) creditors holding secured tax claims retain their liens and receive full payment, plus 4% interest. Accordingly, the Plan must provide for the full payment of the Department's secured claim along with accrued interest in the amount of 4% percent. The Plan should also provide that the Department shall retain its tax lien(s) until such time as the claim is paid in full.

  b. It is well-settled that, so long as the Department's secured tax claim has equity or otherwise validly attach to Debtor's property, in any amount, the Department's liens may not be avoided or otherwise modified. *Nobleman v. American Sav. Bank*, 508 U.S. 324 (1993); *Dewsnup v. Timm*, 502 U.S. 410 (1992); *Ryan v. U.S.*, 725 F.3d 623 (7th Cir. 2012); *Woolsey v. Citibank*, 696 F.3d 1266 (10th Cir. 2012); *Hoekstra v. U.S.*, 255 B.R. 285 (E.D. Va. 2000), *In re Garrido-Yarnis*, 545 B.R. 459 (Bankr. S.D.N.Y. 2016); *In re Erb*, 2011 WL 2600647 (Bankr. M.D. Pa. 2011).

  c. While the Department's secured tax claim attaches to otherwise exempt property,[2] if the Department's secured claim is not covered in its entirety by the Debtors' assets, the Department is willing to work with the Debtors to bifurcate its secured claim as necessary to correctly reclassify all or part of its secured claim as unsecured priority and unsecured nonpriority claims, and amend its proof of claim as necessary.

  4. The Department also objects to the confirmation of Debtors' Plan on the grounds that the Debtors have not filed all appropriate prepetition tax returns for the four years preceding the filing of their bankruptcy petition, as required by 11 U.S.C. § 1308(a), thereby prohibiting the Department from fully determining its claim.

---

[2] Section 242 of the Tax Reform Code of 1971, 72 P.S. § 7242(a), provides that the Commonwealth's tax lien is against "real and personal property."

5. The Department's records show that the Debtors have not filed their PIT returns for the 2017 tax year and Debtor Gilbert Walker has not filed his ST return for the 1Q10 tax period. Debtors' Plan should not be confirmed because of these delinquent tax returns. In fact, 11 U.S.C. § 1308(a) requires Debtors to file said returns prior to the first scheduled date for the meeting of creditors. However, as of the date of the filing of this Objection, said returns had not been filed. Accordingly, Debtors' Plan cannot be confirmed. 11 U.S.C. § 1325(a)(9).

a. Moreover, these tax returns need to be filed for the Department to determine whether, and to what extent, there are outstanding tax liabilities, as it would alter the amount of the Department's unsecured priority and nonpriority claims. Upon the filing of the delinquent returns, the Department will amend its Proof of Claim, as necessary.

6. By letter dated July 13, 2018, directed to the Debtors' counsel, the Department notified Debtors, and the Trustee, of the past-due prepetition state tax returns and requested that the delinquent tax returns, for PIT for the 2017 tax year, and ST for 1Q10, be filed in accordance with 11 U.S.C. § 1308. A copy of that letter has been reproduced and attached hereto as Exhibit C. Upon review, as of the date of this objection, said returns have not been filed. Debtors' Plan cannot be confirmed absent the filing of these returns or Debtors providing evidence or documentation supporting why such returns need not be filed.

a. The Department requests that, hereinafter, a copy of any and all past-due prepetition tax returns filed by Debtors, along with all corresponding documentation and schedules, be submitted to the undersigned counsel at the following address:

Pennsylvania Department of Revenue
Office of Chief Counsel
P.O. Box 281061
Harrisburg, PA 17128-1061
Attn: Joseph J. Swartz, Esq.

7. Because of Debtors' unfiled tax returns, the Plan does not adequately provide for the payment of the Department's claim. The Department cannot file a complete and liquidated claim against the Debtors until the delinquent prepetition tax returns are filed and the Department determines the amount of tax principal and prepetition statutory interest that is outstanding.

8. Debtors' Chapter 13 Plan does not adequately provide for the Department's claim. Specifically, the failure of Debtors' Plan to provide for the full payment of the Department's Proof of Claim, including its secured and priority claims, violates 11 U.S.C. §§ 502(a); 1322(a)(2); & 1325(a)(5).

9. The Department also objects to the confirmation of Debtors' Plan on the grounds that the Plan is underfunded.

10. For the foregoing reasons, Debtor's Chapter 13 plan does not comply with the applicable provisions of the Bankruptcy Code and cannot be confirmed. *See* 11 U.S.C. § 1325(a).

WHEREFORE, the Department respectfully requests that the confirmation of the Debtors' Chapter 13 Plan be DENIED unless and until (1) the Debtors file all delinquent tax returns, and the Department is allowed adequate time to review the filings and amend its Proof of Claim as

necessary; and (2) the Debtors submit an Amended Plan which provides for the full payment of the Department's claim(s) in the proper classification(s) and amount(s), including the payment of any tax due for the delinquent tax returns.

                                            Respectfully submitted by,

DATE: August 20, 2018            By:    /s/ Joseph J. Swartz
                                                          Counsel
                                                          PA Department of Revenue
                                                          Office of Chief Counsel
                                                          P.O. Box 281061
                                                          Harrisburg, PA 17128-1061
                                                          PA Attorney I.D.: 309233
                                                          Phone: (717) 346-4645
                                                          Facsimile: (717) 772-1459
                                                          Email: JoseSwartz@pa.gov